# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Young B. Kim | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 3306 | **DATE** | April 16, 2013 |
| **CASE TITLE** | Williams vs. Tucker et al | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion to bar settlement agreement and to seal it [32] is denied. However, because Defendants have presented matters outside the pleadings, the court must treat Defendants' motion to dismiss, pursuant to Rules 12(c) and 12(b)(6), as one for summary judgment under Rule 56. Fed. R. Civ. P. 12(d). As such, Williams, who is proceeding pro se, has until May 17, 2013, to provide any arguments or materials pertinent to the pending motion and supportive of his assertion that the settlement agreement from his previous Section 1983 case does not preclude him from pursuing this case. He may title this submission as "Plaintiff's Supplemental Response to Motion to Dismiss." Defendants have until May 31, 2013, to file their supplemental reply in support of their motion to dismiss, now treated as one for summary judgment.

■[ For further details see text below.]

Notices mailed by Judicial staff.

## STATEMENT

Plaintiff Jonathan Williams, a pretrial detainee at Cook County, brought this Section 1983 against Defendants Cook County, Cook County Sheriff Thomas Dart, and four employees of the Cook County Jail arising out of an incident that allegedly occurred on January 20, 2011. ®. 7.) Defendants Cook County and Dart have been dismissed from this action, leaving only the jail employees as the remaining Defendants. In lieu of an answer, and before the parties consented to the jurisdiction of this court, Defendants filed a motion to dismiss, alleging that Williams's current suit is precluded by the settlement agreement reached in his previous Section 1983 case, *Williams v. Cook County*, No. 11 CV 947 (N.D. Ill.) (Hart, J.). In moving to dismiss, Defendants did not provide a copy of the settlement agreement. The assigned District Judge directed Defendants to file a copy of the settlement agreement with the court if Defendants wanted to proceed with their motion. ®. 26). The assigned District Judge reasoned that because the settlement agreement was neither filed along with the motion to dismiss nor made a part of the record in Williams's earlier case, the settlement agreement must first be made public and part of the record before ruling on the motion to dismiss. (Id.) Defendants complied in a timely manner, prompting Williams to file a motion to bar the consideration of the settlement agreement and to seal it [32].

Williams seeks to both bar and seal the settlement agreement. However, this court has already ruled that the settlement agreement must be made public, *citing Herrnreiter v. Chicago Housing Auth.*, 281 F.3d 634 (7th Cir. 2002), for the proposition that "when parties to a [settlement agreement] ask a court to interpret and enforce their agreement, the [settlement agreement] enters the record of the case and thus becomes available to the public." *Id*. at 636; R. 26. The only exceptions to this rule are in cases where the agreement at issue contains confidential information, such as trade secrets, information covered by a recognized privilege, and information required by statute to be kept confidential. *See id; Baxter Intern., Inc. v. Abbott Labs.*, 297 F.3d 544, 546-47 (7th Cir. 2002). Because the settlement agreement relevant to this case does not appear to fall within any of these exceptions,

## STATEMENT

Williams's motion to seal the settlement agreement is denied.

Williams's motion to bar the consideration of the settlement agreement in the context of Defendants' motion to dismiss is also denied. Evaluation of the settlement agreement is integral and relevant to determining whether Williams's current lawsuit is viable. Williams argues that the court should not consider the settlement agreement and Defendants cannot offer or refer to the settlement agreement in this case pursuant to paragraph 6 of the agreement. ®. 32.) The relevant portion of paragraph 6 of the agreement provides that, "none of the terms of the settlement agreement may be offered or received in evidence or in any way referred to in any civil . . . action or proceeding other than proceedings that may be necessary to consummate or enforce this settlement agreement." (R. 27 at 2.) Contrary to Williams's argument, this paragraph does not bar Defendants from offering, referring or relying on the settlement agreement in support of their motion to dismiss the current action because they are in fact trying to enforce the terms of the settlement agreement. Defendants are asserting that the terms of the settlement agreement preclude Williams from pursuing this case because he agreed to "dismiss any and all claims up to the time he signs this Agreement against . . . any other employees of the Cook County Jail, relating to [Williams] being housed at the Cook County Jail as a pretrial detainee." (R. 27 at 2.) At the time Williams executed this settlement agreement, on February 22, 2012, he had Section 1983 claims pending against Defendants through the grievance process. (R. 7 at 10.) As such, Williams's motion to bar the consideration of the settlement agreement is denied.