Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Young B. Kim | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 3306 | **DATE** | May 6, 2013 |
| **CASE TITLE** | Williams vs. Tucker et al | | |

**DOCKET ENTRY TEXT**

Plaintiff's objections [40] are overruled.

■[ For further details see text below.]

Notices mailed by Judicial staff.

---

## STATEMENT

On May 3, 2013, the court entered an order addressing the issues Plaintiff raised in his submission titled, "Notice of Objection to the recent ruling entered on 4.16.13" [38]. This order addresses the issues Plaintiff raises in his submission titled, "Plaintiff's Second Notice of objection" [40].

In this second submission, Plaintiff asserts that once he learned of the "change of judge" on January 3, 2013---reassignment of this case from the assigned District Judge to this court based on consent---he objected to this reassignment by "sending a motion of notice of objection to the court via mail." (R. 40.) Plaintiff also points out that based on the pre-printed information on the consent form he executed, he has the right to change his mind about consenting and to have his case returned to the previously assigned District Judge.

Plaintiff's objections are overruled for the following reasons. First, despite his claims, the docket does not reflect that Plaintiff objected to the reassignment of his case to this court sometime in January 2013. The reassignment order was entered on December 21, 2012. (R. 33.) However, there are no docket entries from December 21, 2012, until this court's ruling denying Plaintiff's motion to bar settlement agreement and to seal it [32] on April 16, 2013.

Second, the case is properly before this court. Plaintiff is correct that the consent form states that, "[i]f an objection is filed by any party, the case will be reassigned to the district judge before whom it was last pending." (R. 28.) But, Plaintiff ignores the pre-printed sentence preceding this sentence that must be considered together. The preceding sentence provides that, "[s]hould this case be reassigned to a magistrate judge other than the magistrate judge designated pursuant to Local Rule 72, the undersigned may object within 30 days of such reassignment." This means that if a party consents to a particular magistrate judge but then the case is eventually reassigned to a different magistrate judge, the party may file an objection within 30 days of the reassignment in order to have the case returned to the previously assigned District Judge. Here, even if Plaintiff filed a timely

**STATEMENT**

objection, the case cannot be reassigned because the magistrate judge designated on this case has never changed. In fact, when Plaintiff executed the consent, he identified this court as the designated magistrate judge.

This court is not particularly interested in keeping this case but the system of consent and reassignment must be followed.